NO. 07-05-0368-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 28, 2006

_____

JUAN M. PACHECO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409332; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant appeals a conviction by a jury of the felony offense of driving while intoxicated, enhanced, and sentenced to 40 years confinement in the Texas Department of Criminal Justice, Institutional Division. Following his motion for new trial, appellant gave notice of appeal and requested a record.

Appellant has filed a motion with this court indicating that exhibits admitted into evidence at trial were missing from the record. Counsel for appellant cannot complete

appellant's brief without reviewing the missing exhibits.   The court reporter has been notified by counsel for appellant and has indicated that he is unable to locate the exhibits.[1]

Because the missing exhibits may be significant for disposition of this appeal, a question we do not decide at this time, and because pursuant to Rule 34.6(f)(2) of the Texas Rules of Appellate Procedure appellant may be entitled to a new trial if the exhibits have been lost or destroyed without his fault, we now abate this appeal and remand this cause to the 140th District Court of Lubbock County.   Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

(1)    whether exhibits admitted into evidence remain lost or misplaced or have been destroyed, and if so, then

(2)    whether their loss, misplacement or destruction was attributable to appellant.

The trial court shall cause the hearing to be transcribed and shall make findings of fact to be included in a supplemental clerk's record.   Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, August 28, 2006.

It is so ordered.

Per Curiam

Do not publish.

---

[1] Under Rule 13.1 of the Texas Rules of Appellate Procedure, the court reporter is required to file all exhibits admitted into evidence with the clerk of the court.